## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JUAN GARCIA,**

     **Plaintiff,**

**v.**                                                                 **Case No.  8:24-cv-2410-AAS**

**FRANK BISIGNANO,**
**Commissioner of the Social**
**Security Administration,[1]**

     **Defendant.**
_____/

### ORDER

Juan Garcia[2] requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda submitted by the parties, the Commissioner's decision is **REMANDED**.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit.

[2] Mr. Garcia's former name was George Michael Zimmerman. (Tr. 167–68). Both names appear throughout the administrative record.

I.    **PROCEDURAL HISTORY**

On April 3, 2017, Mr. Garcia applied for a period of disability and DIB, again alleging an onset date of February 26, 2012. (Tr. 97, 103). On August 10, 2017, the claim was denied at the initial level. (Tr. 141–43). Mr. Garcia did not appeal the decision. (Tr. 48–49, 76–78).

On November 27, 2020, Mr. Garcia filed applications for DIB and SSI benefits, alleging a disability onset date of February 26, 2012. (Tr. 105–06, 283–91). Mr. Garcia's claims were denied initially and on reconsideration. (Tr. 145–53, 172–86). Mr. Garcia requested a hearing before an ALJ, which was held on November 3, 2022. (Tr. 73–96, 187–90). On March 30, 2023, the ALJ held a supplemental hearing. (Tr. 44–72). On July 14, 2023, the ALJ found Mr. Garcia not disabled and issued an unfavorable decision. (Tr. 20–43). On August 16, 2024, the Appeals Council denied Mr. Garcia's request for review, making the ALJ's decision the final decision of the Commissioner.[3] (Tr. 1–7). Mr. Garcia now requests review of the ALJ's final decision. (Doc. 1).

II.    **NATURE OF DISABILITY CLAIM**

A.    **Background**

Mr. Garcia was 28 years old on his alleged disability onset date and 39

---

[3] "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted).

years old on the date of the ALJ's decision. (Tr. 35). Mr. Garcia has a high school education and past relevant work experience as an automobile salesperson. (Tr. 35, 67). Mr. Garcia alleges disability due to post-traumatic stress disorder (PTSD) and a herniated disc in the lower back. (Tr. 317).

## B.    Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[4] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[5] he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not

---

[4] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[5] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Here, the ALJ reopened Mr. Garcia's application filed in August 2017. (Tr. 23). The ALJ determined Mr. Garcia had not engaged in substantial gainful activity since February 26, 2012, the alleged disability onset date. (*Id.*). The ALJ found Mr. Garcia has these severe impairments: degenerative disc disease, obesity, attention deficit hyperactivity disorder (ADHD), PTSD, depression, and anxiety. (Tr. 25). However, the ALJ concluded Mr. Garcia's impairments or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings. (*Id.*).

The ALJ then found Mr. Garcia had an RFC to perform a full range of light work,[6] with these exceptions:

> lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds occasionally and 10 pounds frequently; sitting for 6

---

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

hours, standing for 6 hours, walking for 6 hours and he [can] push/pull as much as can lift/carry. [Mr. Garcia] can climb ramps and stairs occasionally, stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally. [Mr. Garcia] can work at unprotected heights occasionally, moving mechanical parts occasionally, in vibration occasionally. [Mr. Garcia] is able to perform simple, routine tasks, able to perform simple work-related decisions, is able to interact with supervisors, coworkers, and interact with the public occasionally.

(Tr. 28).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Mr. Garcia could not perform his past relevant work. (Tr. 35). However, the VE testified that an individual with Mr. Garcia's age, education, work experience, and RFC could perform other jobs that exist in significant numbers in the national economy. (*Id.*). Specifically, Mr. Garcia can perform the jobs of router, routing clerk, checker, lamp shade assembler, table worker, and loader. (Tr. 36). As a result, the ALJ concluded Mr. Garcia was not disabled. (Tr. 36).

## III.    ANALYSIS

### A.    Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d

1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

## B.    Issue on Appeal

Mr. Garcia argues that the ALJ failed to fully and fairly develop the record due to missing evidence from St. Germain Chiropractic, Karen Larkey, Psy. D., and Altamonte Family Practice. (Doc. 10, pp. 5–9). In response, the Commissioner contends Mr. Garcia has not adequately shown there was a gap

6

in the records or that evidence related to his functional capacity is missing from the evidence. (Doc. 16, pp. 5–12).

Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). This obligation exists even when counsel represents a claimant and requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.* (citations and quotations omitted); *Jones v. Astrue*, 863 F. Supp. 2d 1142, 1154 (S.D. Ala. 2012) ("[T]he ALJ must probe into all relevant facts, even where a claimant is represented by counsel.") (citing *Cowart*, 662 F.2d at 735). Further, the ALJ must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Cowart*, 662 F.2d at 735; *see also Fontanez v. Barnhart*, 195 F. Supp. 2d 1333, 1357 (M.D. Fla. 2002) (remanding the case where the ALJ failed to determine the significance of the claimant's limited test scores). Nonetheless, a claimant must show prejudice before a court can find that their due process rights have been violated to such a degree that the case must be remanded to the Commissioner for further development of the record. *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (citations omitted).

Ultimately, a claimant bears the burden of proving that they are disabled and must provide evidence to support their claim. *Ellison v. Barnhart*, 355 F.3d

7

1272, 1276 (11th Cir. 2003). In evaluating whether a case should be remanded for an ALJ's purported failure to fully develop the record, courts consider whether there are evidentiary gaps in the record that result in unfairness or "clear prejudice" to the claimant. *Brown*, 44 F.3d at 935; *see also Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

Mr. Garcia filed his initial application for a period of disability and DIB on April 3, 2017. (Tr. 97, 103). On August 10, 2017, the claim was denied. (Tr. 141–43). In the Disability Determination Explanation dated August 9, 2017, this evidence of record was identified: (1) Cindy Herzog, M.D., (2) St. Germain Chiropractic, (3) Lake Mary Family Care, and (4) Lake Mary Family Care. (Tr. 98–99). On August 10, 2017, Mr. Garcia's claim for a period of disability and DIB was denied. (Tr. 141–43).

At the administrative hearing held on March 30, 2023, Mr. Garcia's counsel brought Mr. Garcia's prior disability application to the ALJ's attention. (Tr. 48–49). While the current administrative record contains records from Lake Mary Family Care and Cynthia Herzog,[7] it does not include records from St. Germain Chiropractic. The ALJ indicated that he was reviewing "something from Dr. Karen Mularkey in 2017,"[8] but that document is not in

---

[7] The correct name is "Cynthia N. Herzog, LCSW, CAP, ICADC." (Tr. 674).

[8] The hearing transcript inaccurately transcribed Dr. Larkey's last name as "Mularkey" (Tr. 49).

the file. (Tr. 49). However, the ALJ stated at the hearing that he possessed the documentation supporting Mr. Garcia's prior application and that this documentation would be provided to Mr. Garcia's counsel for his review and comment before reaching his disability determination. (Tr. 48–49, 71). This documentation was not provided to Mr. Garcia's counsel. In addition, at the hearing, the ALJ stated he would provide Mr. Garcia's counsel with "a burned disc [CD] of the records" for his review. (Tr. 71–72). This CD was also not provided.

On April 6, 2023, Mr. Garcia's counsel sent a letter to the ALJ inquiring about his request for medical records from Altamonte Family Practice, where Mr. Garcia was treated following the incident in 2012.[9] (Tr. 402). Mr. Garcia's counsel further stated, "I believe you also stated that you would provide us with a CD to ensure that no medical was missing (Presumably, you were referring to his initial applications), for which I am grateful." (*Id.*). Mr. Garcia's counsel also noted the ALJ indicated he would request Mr. Garcia's medical records from Lake Mary Family Care. (*Id.*).

On June 16, 2023, the ALJ sent Mr. Garcia's counsel a letter indicating he obtained this additional evidence and would enter into the record as exhibits

---

[9] Mr. Garcia's Comprehensive Vocational Evaluation Report from the Altamonte Family Proactive diagnosed Mr. Garcia with herniated discs 2012, and he received follow-up care with that practice. (Tr. 815).

18F and 19F, respectively: (1) Office Treatment Records Lake Family dated June 12, 2014, through January 15, 2018, and (2) Office Treatment Records Lake Family dated July 7, 2021, through March 6, 2023. (Tr. 403). There was no further communication to Mr. Garcia's counsel regarding any attempts made to obtain the records from Altamonte Family Practice, nor was a CD ever sent with Mr. Garcia's medical records from his initial application.

The ALJ confirmed he had Mr. Garcia's prior application documentation in his possession and that this documentation would be provided to Mr. Garcia's counsel for his review and comment. (Tr. 48–49, 71). However, this documentation was not provided to Mr. Garcia's counsel, and the current record reveals that there are missing medical records. Thus, the ALJ failed to fully and fairly develop the record, and the evidentiary gaps in the record result in unfairness. *See, e.g., Brown*, 44 F.3d at 936 (finding remand necessary where the record revealed evidentiary gaps in the plaintiff's medical record and holding that absent proof to the contrary, it must be assumed that the missing evidence would have supported the plaintiff's claims of disability); *Pena v. Comm'r of Soc. Sec. Admin.*, No. 6:19-cv-1804-Orl-MCR, 2021 WL 777886, at *15 (M.D. Fla. Mar. 1, 2021) ("Moreover, to the extent treatment records from CHM and Dr. Grissom appear to be incomplete [ ] or altogether missing[ ], the Court also finds this warrants remanding the case."); *Melody B. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-cv-00044-RGV, 2020 WL 13580461, at *14 (N.D. Ga.

Sept. 29, 2020) ("The evidentiary gaps prevented the ALJ from making a full, fair, and impartial assessment of [claimant's] RFC and what jobs he may reasonably pursue."); *Cooper v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:15-cv-864-J-MCR, 2017 WL 1135088, at *4 (M.D. Fla. Mar. 27, 2017) ("The ALJ's failure to sufficiently probe the facts regarding the missing mental health records is prejudicial in light of the evidentiary gaps presented in the record [where] [m]edical records from . . . mental health providers indicating treatment for anxiety may shed light on the severity of Plaintiff's mental impairments in a way that the records before the ALJ cannot.").

## IV.    CONCLUSION

For the reasons stated, the Commissioner's decision is **REMANDED,** and the Clerk is directed to enter judgment for Mr. Garcia and close the file.

**ORDERED** in Tampa, Florida, on January 7, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge